IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CALVIN WILLIAMS, an individual,<br><br>                        Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC., a Delaware corporation doing business in Washington,<br><br>                        Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiff, CALVIN WILLIAMS, by and through his attorney of record, Odama Law, PLLC d/b/a Seattle Car Accident Law Firm, and allege the following for cause of action:

## I. JURISDICTION AND VENUE

1.1    Plaintiff is a resident of King County, Washington residing in the city of Seattle.

1.2    That at all times material hereto, Defendant Safeway, Inc. (hereinafter "Safeway"), is a Delaware corporation, doing business in King County, State of Washington. At all times material hereto, Safeway, Inc. owned and operated a retail grocery store at 1410 E. John St, Seattle, WA 98112 under the name Safeway.

COMPLAINT FOR DAMAGES - 1

ODAMA LAW, PLLC
155 NE 100th Street, Suite 210
Seattle, WA 98125
(206) 402-5214 (ph); (206) 299-9944 (f)

1.3 <u>Jurisdiction.</u> This case claims damages arising out of a personal injury incident and jurisdiction is appropriate in Superior Court as the Court of general jurisdiction. Jurisdiction is proper pursuant to RCW 2.08.010.

1.4 <u>Venue.</u> The event complained of occurred in King County, Washington. Venue is therefore proper pursuant to RCW 4.12.020(3).

## II. PARTIES

2.1 Plaintiff has at all times relevant herein, acted individually on his own behalf.

2.2 At all times material hereto, defendant Safeway was a Delaware based corporation assigned UBI Number 600 643 518 with its Registered Agent listed with the Washington Secretary of State as C T Corporation System at 711 Capitol Way S., Ste. 204, Olympia, WA 98501-1267 and engaged in the retail grocery business in Seattle, King County, Washington.

## III. FACTS

3.1 On September 9, 2017 around 10:00 p.m. Plaintiff went to Safeway located at 1410 E. John St, Seattle, WA 98112 to go grocery shopping. While walking down an aisle, Plaintiff slipped on a beef jerky package that was on the ground. He fell backwards landing hard on his right elbow and hand. His right thumb bent backward under the weight of his body.

3.2 While sitting on the floor, Plaintiff noticed a Safeway employee was actively stocking the shelves in the same aisle. Plaintiff noticed there were boxes lining both sides of the aisle. There were several beef jerky packages lying on the ground.

3.3 As a result of said fall, Plaintiff suffered injuries and damages as alleged herein.

## IV. LIABILITY

4.1     Under the doctrine of *respondeat superior*, Safeway is liable for the acts and omissions of their employees and agents, which caused harm to its business invitee, Calvin Williams, in the operation of Safeway's self-service grocery store.

4.2     Defendant Safeway was negligent in allowing debris (beef jerky packages) to remain on the floor, in failing to take reasonable precautions to protect Safeway's invitees from foreseeable harm by failing to pick up the debris from the floor and failing to warn shoppers of the hazard.

4.3     The above-described conduct by Safeway, its agents and employees, was negligent in several respects, including but not limited to, creating an unreasonable risk of harm, failing to take reasonable precautions to protect business invitees from foreseeable harm, and failing to warn shoppers of the hazard.

4.4     Safeway was the owner and occupier of the premises and is liable for all physical injuries and emotional damages to Plaintiff, as a business invitee and customer, caused by the herein described condition on the premises because Safeway knew of the condition or failed to exercise ordinary care to discovery the condition, and should have realized that it involved an unreasonable risk of harm to business invitees and customers, including the Plaintiff. Defendant breached said duty of care including, but not limited to:

   a.   Failing to maintain their premise in a safe condition;

   b.   Failing to inspect the premises for unsafe or dangerous conditions;

   c.   Failing to clear debris and adequately maintain the store aisles for the safey of Plaintiff;

   d.   Failing to exercise reasonable care under the circumstances;

COMPLAINT FOR DAMAGES - 3

ODAMA LAW, PLLC
155 NE 100th Street, Suite 210
Seattle, WA 98125
(206) 402-5214 (ph); (206) 299-9944 (f)

e.  Failing to maintain the ingress and egress in a reasonably safe condition.

4.5  Defendant had actual or constructive knowledge of the dangerous condition and failed to remove the danger.

4.6  That as a direct and proximate result of the negligence alleged herein of Defendant, Plaintiff was severely injured; that although medical attention and supportive remedies have been resorted to, said injuries, together with pain, discomfort and limitation of movement prevail and will continue to prevail for an indefinite time into the future.

## V. DAMAGES

5.1  Plaintiff realleges paragraphs 1.1 through 4.6 as though fully set forth.

5.2  As a direct and proximate result of the negligence alleged herein, Plaintiff suffered physical injuries and is entitled to be compensated therefor.

5.3  As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and will continue to incur medical expenses and other out-of-pocket expenses and is entitled to compensation therefor.

5.4  As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer physical pain and suffering and loss of enjoyment of life and is entitled to be compensated therefor.

5.5  As a direct and proximate result of Defendants' negligence, Plaintiff has suffered mental and emotional distress and is entitled to compensation therefor.

5.6  Plaintiff is entitled to recover her attorney's fees pursuant to RCW 4.84.

5.7  Plaintiff is entitled to costs and disbursements herein.

## LIMITED MEDICAL WAIVER

Plaintiff, pursuant to RCW 5.60.060, as amended by the laws of 1986, hereby grants limited waiver of the physician-patient privilege. The scope of this waiver is as follows:

A. This waiver shall take effect regarding this lawsuit for personal injuries on the 89th day from the date the action was filed;

B. This waiver shall be subject to such limitations as the Court may impose. The waiver shall at all times be limited by an order entered in connection therewith by the Snohomish County Superior Court; and

C. This waiver shall only apply to the privilege which exists under RCW 5.60.060 and shall not be deemed to be broader in its scope nor apply to physician-patient privileges nor governed by RCW 5.60.060. Constitutional rights of privacy, impairment or interference with the doctor/patient relationship and other rights not governed by RCW 5.60.060 regarding physician-patient relationships are not waived. This waiver is made solely to comply with the legal obligation required by the 1986 amendment to RCW 5.60.060 requiring such waiver within 90 days of the filing of an action for personal injuries.

## VIII. RELIEF

WHEREFORE, the Plaintiff prays as follows:

1. For judgment against Defendant in an amount that will fairly compensate Plaintiff for all damages sustained and in an amount to be proven at the time of trial;

2. For Plaintiffs' reasonable attorney's fees, costs and disbursements incurred herein;

3. For an award of prejudgment interest at the statutory rate on Plaintiff's economic damages;

4. That Plaintiffs be awarded post-judgment interest, at the highest rate allowed by law on the outstanding amount of the judgment from the date of the judgment and continuing until the judgment is paid in full; and

5. For such further relief as to the Court and/or the jury seems just.

COMPLAINT FOR DAMAGES - 5

ODAMA LAW, PLLC
155 NE 100th Street, Suite 210
Seattle, WA 98125
(206) 402-5214 (ph); (206) 299-9944 (f)

DATED this __9th__ day of April, 2020

ODAMA LAW, PLLC

By: _____
Melissa Odama Hart, WSBA 34226
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 6